IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mario Escalante, | Case No. 8:15-cv-00177-MGL-JDA |
| Plaintiff, | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| Anderson County Sheriff's Department; Sheriff John Skipper; Sergeant Andrew R. Hyslop; Deputy Brandon Surratt; City of Anderson Police Department; Chief of Police James S. Stewart; David L. Rodgers d/b/a Whitehall Express Mart; Janice W. Rodgers d/b/a Whitehall Express Mart; John Does 1–20, | |
| Defendants. | |

This matter is before the Court on a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure filed by Defendant Chief of Police James S. Stewart ("Defendant Stewart"). [Doc. 27.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under § 1983 and to submit findings and recommendations to the District Court.

Plaintiff filed this action alleging Defendants violated his constitutional rights under the Fourteenth Amendment and the Fourth Amendment for arresting Plaintiff at his place of employment without first conducting a thorough factual investigation. [Doc. 1.] Specifically, Plaintiff alleges that on May 5, 2013, he purchased a case of beer from a store in Anderson. [*Id* ¶ 8.] Plaintiff alleges that he later attempted to purchase a second case of beer for a friend but was denied due to the prohibition of Sunday alcohol sales in the

County. [*Id*. ¶ 9.] The store owner, Defendant Rogers, contacted the Anderson County Sheriff's Department and advised that he had video evidence that Plaintiff had stolen beer from the store. [*Id*. ¶ 10.] Several Sheriff's deputies and city police officers converged on Plaintiff at the Anderson County fair where he was working and arrested him for shoplifting. [*Id*. ¶ 16.] Defendant Rogers later informed Plaintiff he would not be prosecuting the charges. [*Id*. ¶ 25.]

Defendant Stewart filed the instant motion on May 8, 2015, claiming that he is entitled to dismissal because his name is not mentioned in the Complaint and there are no allegations in the Complaint connecting him to any alleged discriminatory behavior. [Doc. 27 at 5–6.] Plaintiff has failed to respond to the motion, and the deadline for responding has expired. Accordingly, the motion is now ripe for review.

## APPLICABLE LAW

### Requirements for a Cause of Action Under § 1983

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the

United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly

3

attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Judgment on the Pleadings Standard**

Federal Rules of Civil Procedure Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Courts follow a fairly restrictive standard in ruling on Rule 12(c) motions, as hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." *Pellegrin v. Berthelson*, C/A No. 9:11-cv-00125-DCN, 2012 WL 10847, at *1 (D.S.C. Jan. 3, 2012) (internal quotation marks and citation omitted). A motion for judgment on the pleadings is intended to test the legal sufficiency of the complaint and will operate to dispose of claims "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." *Herbert Abstract Co., Inc., v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). A "motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x 527, 529 (4th Cir. 2010). "When considering a motion for judgment on the pleadings, the court may consider the pleadings, exhibits attached thereto, documents referred to in the complaint that are central to the plaintiff's claims, and other materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *In re MI Windows & Doors, Inc. Prods. Liab. Litig., MDL*

*No. 2333*, Nos. 2:12-mn-00001, 2:12-cv-02269-DCN, 2013 WL 3207423, at *2 (D.S.C. June 24, 2013) (internal quotation marks and citations omitted); *cf. Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.  We may also consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." (internal quotation marks and citations omitted)).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief.  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference.  *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).  If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ.

6

P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

As stated, Defendant Stewart filed a motion for judgement on the pleadings alleging that the Complaint does not specifically name him or make any allegations against him. Plaintiff has not opposed the motion. Accordingly, Defendant Stewart's motion should be granted as unopposed.[*]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that Defendant Stewart's motion for judgement on the pleadings be GRANTED AS UNOPPOSED.

---

[*] The undersigned notes that Plaintiff's counsel has previously been admonished to be mindful of the deadlines established by this Court. Text Order, *Bridges v. Does*, C/A No. 8:15-cv-00068-RMG-JDA (D.S.C. Apr. 8, 2015), ECF No. 10 (admonishing Plaintiff's counsel to be mindful of the deadlines and listing cases with similar occurrences of failing to respond to motions and/or filing untimely responses); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Because Plaintiff's counsel has been warned regarding complying with Court deadlines, the undersigned interprets the failure to respond to the motion for judgment on the pleadings as indicating Plaintiff does not oppose the motion.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

October 23, 2015
Greenville, South Carolina