IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mario Escalante, | Case No.:15-cv-00177-MGL-JDA |
| Plaintiff, | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| Anderson County Sheriff's Department; Sheriff John Skipper; Sergeant Andrew R. Hyslop; Deputy Brandon Surratt; City of Anderson Police Department; Chief of Police James S. Stewart; David L. Rodgers d/b/a Whitehall Express Mart; Janice W. Rodgers d/b/a Whitehall Express Mart; John Does 1–20, | |
| Defendants.[1] | |

This matter is before the Court on a motion for protective order filed by Defendants Sergeant Andrew R. Hyslop ("Hyslop") and Deputy Brandon Surratt ("Surratt") [Doc. 36]; a motion to compel filed by Plaintiff [Doc. 41]; a motion for summary judgment filed by Defendants Anderson County Sheriff's Department, Hyslop, Sheriff John Skipper , and Surratt [Doc. 45]; a motion for summary judgment filed by Defendants David L. Rodgers and Janice W. Rodgers [Doc. 47]; and a motion for extension of time filed by Plaintiff [Doc. 53]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under § 1983 and to submit findings and recommendations to the District Court.

---

[1]Defendant Chief of Police James S. Stewart was terminated from this action when his motion for judgment on the pleadings was granted on November 10, 2015. [Doc. 37.] Defendants City of Anderson Police Department and John Does 1–20 were terminated from this action pursuant to a stipulation of dismissal filed on December 18, 2015. [Doc. 59.]

Plaintiff filed this action alleging Defendants violated his constitutional rights under the Fourteenth Amendment and the Fourth Amendment for arresting Plaintiff at his place of employment without first conducting a thorough factual investigation. [Doc. 1.] Specifically, Plaintiff alleges that on May 5, 2013, he purchased a case of beer from a store in Anderson. [*Id* ¶ 8.] Plaintiff alleges that he later attempted to purchase a second case of beer for a friend but was denied due to the prohibition of Sunday alcohol sales in the County. [*Id.* ¶ 9.] The store owner contacted the Anderson County Sheriff's Department and advised that he had video evidence that Plaintiff had stolen beer from the store. [*Id.* ¶ 10.] Several Sheriff's deputies and city police officers converged on Plaintiff at the Anderson County fair where he was working and arrested him for shoplifting. [*Id.* ¶ 16.] The store owner later informed Plaintiff he would not be prosecuting the charges. [*Id.* ¶ 25.]

The motion for protective order was filed on November 10, 2015. [Doc. 36.] On November 13, 2015, Plaintiff filed a response in opposition to the motion for protective order [Doc. 39], and on November 18, 2015, Plaintiff filed a motion to compel [Doc. 41]. Responses in opposition to Plaintiff's motion to compel were filed on November 30, 2015 [Doc. 48] and December 7, 2015 [Doc. 50]. The motions for summary judgment were filed on November 23, 2015 and November 24, 2015 [Docs. 45; 47]; although responses to these motions were due on December 10, 2015 and December 11, 2015, Plaintiff failed to timely respond to the motions. Instead, on December 14, 2015, Plaintiff filed an untimely motion for extension of time to respond to the motions for summary judgment [Doc. 53], and on December 17, 2015, Plaintiff filed untimely responses in opposition to the motions [Docs. 56; 57]. Accordingly, the motions are ripe for review.

**APPLICABLE LAW**

2

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic*

*Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all

4

inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

As stated, Plaintiff failed to timely oppose the motions for summary judgment. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

6

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Here, Plaintiff has a history of deliberately proceeding in a dilatory fashion. In this case, Plaintiff failed to respond to a motion to dismiss filed by David Rodgers and Janice Rodgers [Doc. 12] and, despite being given additional time—until March 13, 2015— and a specific warning regarding the possible consequences, including dismissal under Federal Rule of Civil Procedure 41(b), if he failed to respond [Doc. 15], Plaintiff elected to file an untimely response on March 16, 2015 [Doc. 21]. Additionally, a motion for judgment on the pleadings was granted based on Plaintiff's failure to respond to the motion. [Docs. 35; 37.] Despite these warnings and consequences for failing to comply with Court deadlines, Plaintiff has continued to ignore Court deadlines and filed an untimely motion for extension of time followed by untimely responses to the motions for summary judgment.[2] Although

---

[2]Additionally, the undersigned notes that Plaintiff's counsel has previously been admonished to be mindful of the deadlines established by this Court. Text Order, *Bridges v. Does*, C/A No. 8:15-cv-00068-RMG-JDA (D.S.C. Apr. 8, 2015), ECF No. 10 (admonishing Plaintiff's counsel to be mindful of the deadlines, listing cases with similar

7

Plaintiff's motion for extension of time seeks an extension until the Court rules on Plaintiff's motion for protective order, Plaintiff fails to explain why the motion for extension of time could not have been *timely* filed before December 14, 2015. [*See* Doc. 53.] The undersigned is aware that dismissal with prejudice is a sanction that should not be invoked lightly; however, in this case, because Plaintiff has already repeatedly ignored Court Orders and deadlines, the undersigned finds that sanctions less drastic than dismissal would not be effective and would place the credibility of the Court in doubt.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b). The Court further recommends that all pending motions be FOUND AS MOOT.

IT IS SO RECOMMENDED.

> s/Jacquelyn D. Austin
> United States Magistrate Judge

December 21, 2015
Greenville, South Carolina

---

occurrences of failing to respond to motions and/or filing untimely responses, and warning that the Court expects strict compliance with its deadlines); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").