IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mario Escalante, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 8:15-177-MGL |
| | ) | |
| Anderson County Sheriff's Department, *et al.*, | ) ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

On January 13, 2015, Plaintiff Mario Escalante, ("Plaintiff"), brought this civil action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1). The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on December 21, 2015, by Magistrate Judge Jacquelyn D. Austin, to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that Plaintiff's complaint be dismissed *with prejudice* for lack of prosecution and for failure to comply with court orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and other cited authorities. (ECF No. 62). Plaintiff filed an Objection to the Report, (ECF No. 63), and the matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de*

1

*novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record, including the Magistrate Judge's Report and Plaintiff's Objection. In Plaintiff's Objection, Plaintiff's counsel attempts to explain the lateness of his filings in opposition to summary judgment by reference to a busy trial calendar and lost data/technology issues. (ECF No. 63 at p. 1). It is telling that these particular excuses were not offered by Plaintiff's counsel in his First Motion for Extension of Time, (ECF No. 53), which counsel submitted three days after the expiration of the time allotted to respond in opposition to summary judgment and in which counsel instead indicated that he wished to reserve his responses to summary judgment until 10 days after the Magistrate Judge had ruled on a pending motion for a protective order.

The record in this case leaves the Court unmistakably of the view that Plaintiff's counsel has conducted the prosecution of this case is a dilatory and, ultimately, unprofessional manner. Nevertheless, given that briefing on Defendants' Summary Judgment motions has now been submitted in the case, and more critically, given the Court's strong desire not to punish Plaintiff for his counsel's failings, the Court **declines to accept** the portion of the Magistrate Judge's Report, (ECF No. 62), that recommends that this case by dismissed *with prejudice*. The Court directs instead that Plaintiff's Motion for Extension of Time, (ECF No. 53), be **granted** to the extent that the Magistrate Judge shall review Defendants' pending Motions for Summary Judgment, (ECF Nos. 45 and 47), as well as Plaintiff's belatedly-filed Responses in Opposition, (ECF Nos. 56 and 57), and submit for the Court's review a Report that addresses those motions on the merits. Defendants shall have 14 days from the filing of this Order to file Reply briefs in

further support of their Motions for Summary Judgment, if they so choose.  This matter is hereby referred back to the Magistrate Judge for all remaining pretrial handling.

**IT IS SO ORDERED**.

    s/Mary G. Lewis
United States District Judge

January 11, 2016
Columbia, South Carolina

3