IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mario Escalante, | Case No. 8:15-cv-00177-MGL-JDA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Anderson County Sheriff's Department; Sheriff John Skipper; Sergeant Andrew R. Hyslop; Deputy Brandon Surratt; David L. Rodgers d/b/a Whitehall Express Mart; Janice W. Rodgers d/b/a Whitehall Express Mart, | |
| Defendants.[1] | |

This matter is before the Court on a motion for summary judgment filed by Defendants Anderson County Sheriff's Department ("the Sheriff's Department"), Sergeant Andrew R. Hyslop ("Hyslop"), Sheriff John Skipper ("Skipper"), and Deputy Brandon Surratt ("Surratt") (collectively, "the Sheriff's Department Defendants") [Doc. 45] and a motion for summary judgment filed by Defendants David L. Rodgers ("David Rodgers") and Janice W. Rodgers, both d/b/a Whitehall Express Mart (collectively, "the Rodgers Defendants") [Doc. 47]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under § 1983 and to submit findings and recommendations to the District Court.

Plaintiff, proceeding with the assistance of counsel, filed this action on January 13, 2015, alleging Defendants violated his constitutional rights by arresting and prosecuting

---

[1]Defendant Chief of Police James S. Stewart was terminated from this action when his motion for judgment on the pleadings was granted on November 10, 2015. [Doc. 37.] Defendants City of Anderson Police Department and John Does 1–20 were terminated from this action pursuant to a stipulation of dismissal filed on December 18, 2015. [Doc. 59.]

Plaintiff without probable cause as well as alleging state law causes of action. [Doc. 1.] On March 4, 2015, Plaintiff filed an Amended Complaint. [Doc. 16.] On November 23, 2015, the Sheriff's Department Defendants filed a motion for summary judgment. [Doc. 45.] Plaintiff filed a response in opposition on December 17, 2015 [Doc. 56], and the Sheriff's Department Defendants filed a reply on January 22, 2016 [Doc. 68]. On November 24, 2015, the Rodgers Defendants filed a motion for summary judgment. [Doc. 47.] Plaintiff filed a response in opposition on December 17, 2015 [Doc. 57], and the Rodgers Defendants filed a reply on January 25, 2016 [Doc. 69]. Accordingly, the motions are ripe for review.[2]

## **BACKGROUND**[3]

Plaintiff alleges that on May 5, 2013, he purchased a case of beer from the Rodgers Defendants' store in Anderson, South Carolina. [Doc. 16 ¶ 13.] Plaintiff alleges that he later attempted to purchase a second case of beer for a friend but was denied due to the prohibition of Sunday alcohol sales in the County. [*Id.* ¶ 14.] David Rodgers contacted the

---

[2]The Court notes that, in his response in opposition to the Rodgers Defendants' motion for summary judgment, Plaintiff contends that, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, he is submitting "a declaration that Plaintiff is unable to properly prosecute his case due to Defendants' failure to provide discovery related to the telephones in use by said Defendants at the time of the underlying incident." [Doc. 57 at 1.] However, Plaintiff's response in opposition does not include any such declaration. Moreover, on February 2, 2016, this Court granted a motion for protective order filed by Hyslop and Surratt, finding "there is no evidence or testimony that conversations were held between the defendants involving the personal cell phones of Defendants Surratt and Hyslop and no basis to find that the production of these phone logs will lead to the discovery of relevant evidence." [Doc. 72.]

[3]The facts included in this Background section are taken directly from Plaintiff's Amended Complaint.

2

Sheriff's Department and advised that he had video evidence that Plaintiff had stolen beer from the store. [*Id.* ¶ 16.]

Several sheriff's deputies and city police officers converged on Plaintiff at the Anderson County Fair, where he was working, and arrested him for shoplifting. [*Id.* ¶ 22.] Plaintiff informed the officers that he had purchased the case of beer.[4] [*Id.* ¶ 23.] Plaintiff was cuffed and led through the fairgrounds to a patrol car. [*Id.* ¶ 24.] When Plaintiff returned to Anderson, South Carolina, from Texas for criminal proceedings related to the alleged theft, David Rodgers informed Plaintiff he would not be pressing charges. [*Id.* ¶ 31.]

Plaintiff alleges the following causes of action: violation of constitutional rights under 42 U.S.C. § 1983; false imprisonment; assault; battery; intentional infliction of emotional distress; invasion of privacy; defamation; slander; civil conspiracy; abuse of process; and conversion. [Doc. 16.] He seeks actual and punitive damages; attorneys fees, costs, and interest; and any other relief the Court deems just and proper. [*Id.*]

## APPLICABLE LAW

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or

---

[4]Plaintiff contends that David Rodgers has been cited for alcohol violations in the past and that David Rodgers alleged Plaintiff had stolen the beer in an effort to protect himself from prosecution for violating the Sunday alcohol ordinance. [Doc. 16 ¶¶ 26–27.]

3

> causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the

4

State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the

allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**DISCUSSION**

As stated, Plaintiff contends David Rodgers alleged Plaintiff had stolen beer in an effort to protect himself from prosecution for violating the Sunday alcohol ordinance. [Doc. 16 ¶ 26–27; *see also* Doc. 57 at 3–4 ("In essence, Mario was arrested because he unknowingly participated in the illegal sale of beer on Sunday by the Rodgers, or Whitehall Express Mart.").] Indeed, all of his claims rely in part on this assertion. However, as discussed in more detail below, Plaintiff has failed to direct the Court to any evidence tending to establish that David Rodgers falsely accused Plaintiff of shoplifting.[5] Instead, this argument is based on speculation and Plaintiff's conclusory allegations, which are insufficient to preclude granting summary judgment. *See Ross*, 759 F.2d at 365. The Court addresses each of Plaintiff's claims in turn.

**Section 1983 Claim**

Section 1983 actions premised on alleged false arrest and/or false imprisonment claims are analyzed as unreasonable seizures under the Fourth Amendment. *See, e. g., Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging

---

[5]Although Plaintiff subsequently produced a copy of a receipt for the purchase of a case of beer on May 5, 2013, Plaintiff did not produce a copy of the receipt on the date of the arrest [Doc. 45-2 at 16:14–17], and all causes of action in this case stem from Plaintiff's arrest and Defendants' behavior surrounding Plaintiff's arrest. Moreover, in the Amended Complaint, Plaintiff alleges he purchased one case of beer but was prevented from purchasing a second case. [Doc. 16 ¶¶ 13–14.] David Rodgers contends Plaintiff stole the second case of beer after the store clerk, presumably realizing it was Sunday, refused to sell it to Plaintiff. [Doc. 47-2 at 6:14–7:11.] Thus, Plaintiff's receipt for the purchase of one case of beer fails to establish that he purchased the second case of beer, and Plaintiff has failed to direct the Court to any evidence in the record tending to establish that David Rodgers did not believe Plaintiff had stolen a case of beer when he notified the police about the incident or that David Rodgers had some other motive for reporting the stolen case of beer.

7

a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "[A] claim for false arrest may be considered only when no arrest warrant has been obtained." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (determining that when the arresting official makes the arrest with a facially valid warrant, it is not false arrest).

To state a claim for malicious prosecution under § 1983, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 646, 647 (4th Cir. 2012) (citing *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)). The test to determine whether probable cause existed for a seizure is an objective one, based on the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230–31 (1983); *see also Mazuz v. Maryland*, 442 F.3d 217, 224 (4th Cir. 2006) (citing *Maryland v. Macon*, 472 U.S. 463, 470–71 (1985)) ("Whether a Fourth Amendment violation has occurred turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time, and not on the officer's actual state of mind at the time the challenged action was taken.") (abrogated on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 235 (2009)). Specifically, the totality of the

circumstances includes "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information," *Beck v. Ohio*, 379 U.S. 89, 96 (1964), and such facts and circumstances constitute probable cause if they are "sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense," *id.*

Here, the Court finds there was probable cause to arrest Plaintiff. Hyslop testified that he was notified by dispatch that there was a shoplifting incident that occurred at the Whitehall Express and that the suspect had left in a vehicle and was at the Anderson County Civic Center ("the Civic Center"). [Doc. 45-3 at 3:10–15.] The dispatcher gave a description of the vehicle the suspect left in as a red vehicle with a Texas tag. [Doc. 45-6 at 4:9–14.] When Hyslop got to the Civic Center, David Rodgers was there and stated that the suspect had shoplifted a case of beer from his store, and David Rodgers had a still shot of the suspect on his camera. [Doc. 45-3 at 4:2–6.] At that time, Surratt arrived, and there were also two Anderson City units at the scene. [*Id.* at 7–10.] They located the red vehicle, and Hyslop looked in and saw a case of beer in the front passenger seat. [Doc. 45-6 at 4:15–24.] Subsequently, the suspect was located and indicated the red vehicle was his. [*Id.* at 5:12–14.] After looking at the picture of the suspect leaving the store; David Rodgers' saying that the suspect had shoplifted a case of beer; the vehicle matching the description given by the dispatcher; Plaintiff matching the photo on David Rodgers' camera: and a case of beer found in the car, Hyslop determined there was probable cause to make an arrest for shoplifting based on the information known to him at that time. [*Id.* at 5:18–24.] Based on a totality of the circumstances, the facts and circumstances known by Hyslop at the time of the arrest were "sufficient to warrant a prudent man in believing that

9

[Plaintiff] had committed . . . an offense." *Beck*, 379 U.S. at 96. The Court finds unpersuasive Plaintiff's argument, unsupported by any legal authority, that the officers should have further investigated; based on the facts known to Hyslop at the time of the arrest,[6] it was reasonable for him to believe that Plaintiff had shoplifted a case of beer. Accordingly, the Court finds probable cause existed to arrest Plaintiff, and the motions for summary judgment should be granted with respect to Plaintiff's § 1983 claim.[7]

Moreover, the Sheriff's Department Defendants are entitled to qualified immunity. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity does not protect an official who violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id.* Further, qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To determine whether qualified immunity applies, a court must determine "'whether the plaintiff has alleged the deprivation of an actual constitutional right at all[ ] and . . . whether that right was clearly established at the time of the alleged violation.'" *Wilson v.*

---

[6] As previously stated, Plaintiff did not produce a copy of the receipt on the date of the arrest. [Doc. 45-2 at 16:14–17.]

[7] Because the Court has determined probable cause existed to arrest Plaintiff, the Court declines to address the Sheriff's Department Defendants' argument that the Sheriff's Department and Skipper are entitled to summary judgment because a municipality is not liable under § 1983 [Doc. 45-1 at 2] or the Rodgers Defendants' argument that they are entitled to summary judgment because they are private actors [Doc. 47-1 at 7].

*Layne*, 526 U.S. 603, 609 (1999) (quoting *Conn v. Gabbert*, 526 U.S. 286, 290 (1999)). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action[,] assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citing *Harlow*, 457 U.S. at 819). For purposes of this analysis, a right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 640.

Here, the Court has determined there was no constitutional violation. Accordingly, the Sheriff's Department Defendants are entitled to qualified immunity.

**State Law Claims**

### *False Imprisonment*

Under South Carolina law, to prevail on a claim for false arrest or imprisonment, Plaintiff must prove both that he was deprived of his liberty and that the deprivation was done without lawful justification. *Jones v. City of Columbia*, 389 S.E.2d 662 (S.C.1990). Stated differently, a plaintiff must show that "(1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful." *Law v. S.C. Dep't of Corrs.*, 629 S.E.2d 642, 651 (S.C. 2006).

Because, as discussed above, Hyslop had probable cause to arrest Plaintiff for shoplifting, Plaintiff is unable to satisfy the elements of a false imprisonment claim. Accordingly, the motions for summary judgment should be granted with respect to Plaintiff's false imprisonment claims.

***Assault and Battery***

Under South Carolina law, "an assault occurs when a person has been placed in reasonable fear of bodily harm by the conduct of the defendant, and a battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of degree." *Jones v. Winn-Dixie Greenville, Inc.*, 456 S.E.2d 429, 432 (S.C. Ct. App.1995). "A police officer who uses reasonable force in effectuating a lawful arrest is not liable for assault or battery." *Roberts v. City of Forest Acres*, 902 F.Supp. 662, 671–72 (D.S.C. 1995) (footnote omitted). It is well settled that "[a]lthough a law enforcement officer is privileged to use lawful force, he is nevertheless liable for assault if he uses force greater than is reasonably necessary under the circumstances." *Moody v. Ferguson*, 732 F.Supp. 627, 632 (D.S.C. 1989); *see also Roberts*, 902 F.Supp. at 671 n.2.

Here, as discussed above, Plaintiff's arrest was lawful because it was supported by probable cause. Plaintiff has failed to direct the Court to any evidence to support a claim for assault or battery stemming from his arrest. The only evidence in the record that Plaintiff relies on in his discussion of this claim is that he "was swarmed by law enforcement officials from multiple agencies, at his place of work." [Docs. 56 at 7–8 (citing Surratt's deposition); 57 at 7–8 (citing same).] However, he has provided no evidentiary support to establish that he feared he would suffer bodily harm. Further, he fails to allege the officers used greater force than was necessary to effectuate the arrest. Accordingly, the motions for summary judgment should be granted with respect to Plaintiff's claims for assault and battery.

***Intentional Infliction of Emotional Distress***

Under South Carolina law, to recover for intentional infliction of emotional distress, a plaintiff must establish that:

> (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct;
>
> (2) the conduct was so extreme and outrageous so as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community;
>
> (3) the actions of the defendant caused plaintiff's emotional distress; and
>
> (4) the emotional distress suffered by the plaintiff was severe such that no reasonable man could be expected to endure it.

*Hansson v. Scalise Builders of S.C.*, 650 S.E.2d 68, 70–71 (S.C. 2007) (quoting *Ford v. Hutson*, 276 S.E.2d 776, 778 (S.C. 1981) (internal quotation marks omitted)). Whether a defendant's conduct may be reasonably regarded as so extreme and outrageous to permit recovery is initially one for a court, and only where reasonable persons might differ is it a question or a jury. *Hawkins v. Greene*, 427 S.E.2d 692, 693 (S.C. Ct. App. 1993). "Where evidence is undisputed that the defendant acted in good faith and in a reasonable manner, his conduct cannot be characterized as so extreme and outrageous as to exceed all possible bounds of decency and atrocious and utterly intolerable in a civilized community." *Id.*

Plaintiff has failed to direct the Court to any evidence to support a claim for intentional infliction of emotional distress. [Docs. 56 at 8–9 (citing no record evidence); 57 at 8–9 (citing no record evidence).] Instead, he conclusorily alleges that Defendants' conduct was extreme and outrageous and that Plaintiff suffered emotional distress. However, as stated, the arrest was supported by probable cause; thus, no Defendants

conduct can be characterized as so extreme and outrageous as to exceed all possible bounds of decency and atrocious and utterly intolerable in a civilized community. Accordingly, the motions for summary judgment should be granted with respect to Plaintiff's claim for intentional infliction of emotional distress.

### *Invasion of Privacy*

The Supreme Court of South Carolina has identified three separate acts which may give rise to a cause of action for invasion of the right of privacy:

(1) the unwarranted appropriation or exploitation of one's personality,

(2) the publicizing of one's private affairs with which the public has no legitimate concern, or

(3) the wrongful intrusion into one's private activities, in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

*Meetze v. Associated Press*, 95 S.E.2d 606, 608 (1956) (quoting 41 Am. Jur., Privacy, § 2; citing *Cont'l Optical Co. v. Reid*, 86 N.E.2d 306 (Ind. App. 1949) and *Smith v. Doss*, 37 So.2d 118 (Ala. 1948)).  Here, Plaintiff asserts that his invasion of privacy cause of action is based upon the publicizing of one's private affairs with which the public has no legitimate concern.  [Docs. 56 at 9; 57 at 9.]  "The elements of this tort include (1) publicizing, (2) absent any waiver or privilege, (3) private matters in which the public has no legitimate concern, (4) so as to bring shame or humiliation to a person of ordinary sensibilities." *Swinton Creek Nursery v. Edisto Farm Credit*, 514 S.E.2d 126, 131 (S.C. 1999).

Here, Plaintiff has failed to direct the Court to any evidence to support a claim for invasion of privacy.  [Docs. 56 at 9–10 (citing no record evidence); 57 at 9–10 (citing no

record evidence).] Moreover, Plaintiff is unable to establish a publication of a private matter in which the public has no legitimate concern. As stated, he was arrested based on probable cause. Accordingly, the motions for summary judgment should be granted with respect to Plaintiff's invasion of privacy claim.

### *Defamation and Slander*

Under South Carolina law, to state a cause of action for defamation, a plaintiff must show: "(1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm." *Fleming v. Rose*, 567 S.E.2d 857, 860 (S.C. 2002). Slander is spoken defamation. *Swinton Creek Nursery*, 514 S.E.2d at 134. "[U]nder longstanding South Carolina case law, contents of governmental records-such as judicial proceedings, case reports, published cases, investigative reports, or arrest records-do not give rise to liability for slander or libel." *Williams v. S.C.*, No. 0:06-2590-CMC-BM, 2006 WL 3843608, at *6 (Dec. 22, 2006) (citing *Heyward v. Cuthbert*, 15 S.C.L. (4 McCord) 354, 356–59 (1827); *Padgett v. Sun News*, 292 S.E.2d 30, 32–33 (S.C. 1982)).

Here, as previously stated, Plaintiff is unable to establish a false statement was made. Plaintiff has failed to direct the Court to any evidence to support a claim for defamation or slander. [*See* Docs. 56 at 10 (citing no record evidence); 57 at 10–11 (citing no record evidence).] Accordingly, the motions for summary judgment should be granted with respect to Plaintiff's defamation and slander claims.

### *Civil Conspiracy*

To be successful on a claim for civil conspiracy in South Carolina, the plaintiff must show (1) a combination of two or more persons; (2) for the purposes of injuring the plaintiff; (3) causing the plaintiff special damages. *Vaught v. Waites*, 387 S.E.2d 91, 95 (S.C. Ct. App. 1989) (citing *Lee v. Chesterfield Gen. Hosp. Inc.*, 344 S.E.2d 379 (S.C. Ct. App. 1986)). "A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint." *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (S.C. 2009). Stated differently, the acts pled in furtherance of the conspiracy must be "separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim." *Id.* at 875. "Moreover, because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action." *Id.* at 874. "If a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of [his] civil conspiracy claim, the[] conspiracy claim should be dismissed." *Id.*

Here, Plaintiff has failed to identify concrete acts independent of any other alleged wrongdoing. [*See* Doc. 16 ¶ 66 (claim for civil conspiracy, alleging "[t]he aforementioned actions, conduct, and/or omissions of the defendants in their individual capacities, and/or by and through their agents, servants, and/or employees, who were acting within the course and scope of their agency and/or employment with the defendants, constitute a civil conspiracy to harm the plaintiff").] Additionally, Plaintiff has failed to allege Defendants joined together for the purpose of injuring Plaintiff. Finally, Plaintiff has not pled special damages as required for a civil conspiracy claim. [*Id.* ¶ 67 ("As a direct and proximate result of the defendants' conspiracy to harm the plaintiff, plaintiff has been damaged, for

which damages the defendants are liable.").] Accordingly, the motions for summary judgment should be granted with respect to Plaintiff's civil conspiracy claim.

### *Abuse of Process*

"The two essential elements of an abuse of process claim are (1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the conduct of the proceeding." *Argoe v. Three Rivers Behavioral Ctr. & Psychiatric Sols.*, 697 S.E.2d 551 (S.C. 2010). "Some definite act or threat not authorized by the process or aimed at an object not legitimate in the use of the process is required." *Hainer v. Am. Med. Int'l, Inc.*, 492 S.E.2d 103 (S.C. 1997).

Plaintiff has failed to direct the Court to any evidence to support a claim for abuse of process. [Docs. 56 at 11–12 (citing no record evidence); 57 at 14 (citing no record evidence).] Instead, he relies on conclusory allegations that are insufficient to overcome summary judgment. Accordingly, the motions for summary judgment should be granted with respect to Plaintiff's abuse of process claim.

### *Conversion*

"Conversion is the 'unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights.'" *Green v. Waidner*, 324 S.E.2d 331, 333 (S.C. Ct. App. 1984) (quoting *Powell v. A.K. Brown Motor Co.*, 20 S.E.2d 636, 637 (S.C. 1942)).

Here, Plaintiff cannot establish Defendants assumed control of Plaintiff's property without authorization because, as discussed above, Plaintiff's arrest was supported by probable cause. Plaintiff has failed to direct the Court to any evidence to support a claim for conversion. [Docs. 56 at 12 (citing no record evidence); 57 at 14–15 (citing no record

evidence).] Accordingly, the motions for summary judgment should be granted with respect to Plaintiff's conversion claim.[8]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the Sheriff's Department Defendant's motion for summary judgment be GRANTED and that the Rodgers Defendants' motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

                                                          s/Jacquelyn D. Austin
                                                          United States Magistrate Judge

July 29, 2016
Greenville, South Carolina

---

[8] Because the Court has determined Defendants are entitled to summary judgment on the merits of each of Plaintiff's state law claims, the Court declines to address the Sheriff's Department Defendants' argument that they are entitled to summary judgment pursuant to the South Carolina Tort Claims Act [Doc. 45-1 at 9–10] or any of the Rodgers Defendants' arguments regarding personal involvement in the specific state law claims [*see* Doc. 47-1].